RICHARD D. McCUNE, Esq., State Bar No. 132124
rdm@mwtriallawyers.com
JAE (EDDIE) K. KIM, Esq., State Bar No.: 236805
jkk@mwtriallawyers.com
McCUNEWRIGHT LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250     E-filing
Facsimile: (909) 557-1275

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEJ

| | |
|---|---|
| CYNTHIA LARSEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNION BANK, N.A. (ALSO DBA "UNION BANK OF CALIFORNIA"); AND UNIONBANCAL CORPORATION; and DOES 1 through 125,<br><br>Defendants. | Case No. **3250**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.]<br><br>2. VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [BUSINESS & PROFESSIONS CODE SECTION 17500, ET SEQ.]<br><br>3. FRAUD<br><br>4. NEGLIGENT MISREPRESENTATION<br><br>5. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>**DEMAND FOR JURY TRIAL** |

ORIGINAL. BY FACSIMILE

Plaintiff Cynthia Larsen ("Plaintiff"), on behalf of herself and all others similarly situated (i.e.,

the members of the Plaintiff Class described and defined, infra), herein allege as follows:

- 1 -

CLASS ACTION COMPLAINT

**I**

**JURISDICTION AND VENUE**

1.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.  The amount-in-controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and there is minimal diversity because certain members of the class are citizens of a different state than any defendant as required by 28 U.S.C., section 1332(d)(2).

2.     Venue as to Defendant is proper in this judicial district because Defendants Union Bank, N.A. and UnionBanCal Corporation are headquartered in the City and County of San Francisco. Furthermore, Defendants Union Bank, N.A. and UnionBanCal Corporation do substantial business in this judicial district and some of the acts complained of occurred in this judicial district.

**II**

**GENERAL ALLEGATIONS**

3.     This is a civil action primarily seeking from Defendants Union Bank, N.A. (DBA "Union Bank of California") and UnionBanCal Corporation (together referred hereinafter as "Union Bank," "Defendants" or "Defendant Union Bank") restitution and disgorgement of all profits gained as a result of wrongfully taking overdraft fees from Union Bank customers' checking accounts after debit card transactions and ATM withdrawals when customers had sufficient funds in their checking accounts to cover these transactions at the time they were made; re-sequencing transactions for determining overdrafts from chronological order to an order of highest amount to lowest amount; providing inaccurate available balance information online and at ATM machines; misrepresenting by using the term "available balance" that a transaction within that amount will not result in an overdraft; approves transactions that Union Bank knows will result in an overdraft without providing an opt-out of the forced credit line entirely and/or at the point of sale; not disclosing these practices in the account agreement or online disclosures; providing account statements that do not identify the processing order so there is no way for customers to determine how Union bank determines the number of overdraft transactions; and not disclosing in the statements the transactions that comprise multiple overdrafts. Finally, Plaintiff seeks to enjoin Defendants from continuing to conduct such improper activities. Plaintiff, for herself and all others similarly situated, brings this action pursuant to the Unfair Business

- 2 -

CLASS ACTION COMPLAINT

Practices Act, Business & Professions Code section 17200, *et seq.* and False Advertising, Business & Professions Code section 17500, *et seq*; as well as California common law fraud, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing.

4. Plaintiff Cynthia Larsen is a resident of the County of Riverside, California. She entered into a contractual relationship with Union Bank in the County of Riverside, California, and her account is currently maintained at the Corona Magnolia branch of Union Bank in the County of Riverside.

5. Defendant Union Bank conducts substantial business in all Counties with the State of California as well as in many other states. The headquarters of Union Bank, which is located in San Francisco, is, upon information and belief, responsible for bank accounts held by customers all over California and the other states.

6. Defendant Union Bank is owned by Defendant UnionBanCal Corporation, which is incorporated in Delaware and located in San Francisco, California. Defendant UnionBanCal Corporation is the holding company for The Bank of Tokyo-Mitsubishi UFJ, LTD., a Japanese corporation with a U.S. headquarter in California. Both Defendant UnionBanCal Corporation and The Bank of Tokyo-Mitsubishi UFJ, LTD. provide diversified financial services, including banking, insurance, investments, mortgage banking and consumer finance to individuals, businesses and institutions in all 50 states and internationally.

7. Union Bank maintains branch offices throughout the State of California and in several other states. Individual customer accounts are maintained at these branch offices.

8. Based on information and belief, some of the decisions relating to developing, marketing and implementing the actions complained herein originated from Union Bank's headquarters in San Francisco, California.

9. The true names and capacities of Defendants sued herein as DOES 1 through 125, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as DOES when such identities become known.

- 3 -

CLASS ACTION COMPLAINT

10. Based upon information and belief, Plaintiff alleges that at all times mentioned herein, each and every Defendant was acting as an agent and/or employee of each of the other Defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment with the full knowledge, permission and consent of each of the other Defendants. In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to, and ratified by, each of the other Defendants.

**III**

**FACTUAL ALLEGATIONS**

11. Union Bank is a consumer banking company servicing hundreds of thousands of individual and business customers nationwide. One of the services provided by Union Bank for customers who open a checking account is a check/debit/ATM card. This card allows customers to access their checking account funds by using the card to conduct transactions. Whether it is transactions with vendors or using the card to withdraw cash from an ATM machine, the card is processed electronically so that Union Bank is aware of the use of the card and has the option to accept or decline transactions at the point of sale.

12. Plaintiff Larsen was charged three overdraft charges, of $32 each, which were posted on March 10, 2009 for apparently three debit card transactions that were posted on March 9, 2009. Based on information and belief, as well as the fact that Plaintiff frequently checks her account balance online, at the time of all of these transactions, Plaintiff had a positive balance in her account. Based on information and belief, Union Bank expressly electronically approved these transactions before the transactions were completed, and never provided Plaintiff an option to decline overdrafting transactions. However, without re-sequencing the transactions from chronological order to an order of highest transaction to lowest, she should have been charged one overdraft fee. She was also charged these overdraft fees even though her available balance information showed that at all times, she had enough funds in her account to cover these transactions before they were entered into. Therefore she was damaged in the amount of $64, based on the two overdraft fees improperly assessed when she had sufficient funds in her account at the time she made most of these transactions, and as a result of Union Bank's practice of approving debit card transactions that result in overdrafting from the account and

- 4 -

1   then assessing multiple overdraft fees, and artificially manipulating and re-ordering transactions from
2   the order they occurred to highest transactions to lowest for the purpose of assessing additional overdraft
3   fees.

4       13.    Based on information and belief, the insufficient funds charges incurred by Plaintiff are
5   representative of hundreds of millions of dollars of insufficient overdraft fees that Union Bank assessed
6   its customers and automatically deducted form their checking accounts when there were sufficient funds
7   in their accounts at the time of the transaction.  This is an especially egregious wrongful taking of
8   customers' money form their checking accounts because Union Bank specifically approved each of
9   these transactions and knew at the time it approved the transaction there was sufficient funds in the
10  account to cover the transaction, never provided an option to decline the over drafting transactions, and
11  provided inaccurate balance information which deceives customers.

12      14.    Finally, Union Bank has failed to provide notice and make customers aware that they can
13  incur insufficient funds overdraft fees on transactions that when made, there was sufficient funds in the
14  account to cover the transaction.

15                          **IV**

16                **CLASS ACTION ALLEGATIONS**

17      15.    Plaintiff initially proposes a nationwide class – the "Class" – in litigating this case, as
18  defined as follows:

19              All Union Bank customers who maintained a checking account with a branch office
20              throughout the United States who from July 11, 2005 to the present who were assessed an
21              insufficient funds overdraft fee for a Union Bank check card purchase, debit card
22              purchase, or ATM transaction which there was sufficient funds in the checking account at
23              the time of the transaction to cover the amount of the transaction.

24      Excluded from the above class is any entity in which Defendants have a controlling interest, and
25  officers or director of Defendants.

26      16.    If the Court determines that a nationwide class is not warranted, Plaintiff request, in the
27  alternative, the certification of a California class consisting of Union Bank customers who maintain a
28  checking account with a branch office in California.

- 5 -

1    17.    This action is brought as a class action and may properly be so maintained pursuant to the

2  provisions of the Federal Rules of Civil Procedure 23(a) and 23(b). Plaintiff reserves the right to modify

3  the class definitions and the class period based on the results of discovery.

4    18.    **Numerosity of the Class** – The members of the Class are so numerous that their

5  individual joinder is impracticable. Plaintiff is informed and believes that there are at least hundreds of

6  thousands of customers in the class. Since the class members may be identified through business

7  records regularly maintained by Defendants and their employees and agents, and through the media, the

8  number and identities of class members can be ascertained. Members of the Class can be notified of the

9  pending action by e-mail, mail and supplemented by published notice, if necessary.

10    19.    **Existence and Predominance of Common Question of Fact and Law** – There are

11  questions of law and fact common to the Class. These questions predominate over any questions

12  affecting only individual class members. These common legal and factual issues include, but are not

13  limited to:

14  a. Whether Defendant Union Bank assessed insufficient overdraft fees for transactions it

15  approved and for which there were sufficient funds in the account at the time of the

16  transaction to cover the cost of the transaction.

17  b. Whether Defendant Union Bank posted account balances that do not reflect their

18  actual balance, thereby inducing the customers who rely on the inaccurate statement

19  of account balance into overdrafting from their account and resulting in being

20  assessed overdraft fees.

21  c. Whether Defendant Union Bank delayed the posting of transactions made by

22  customers using Union Bank's debit card, check card or ATM card so that customers

23  are charged overdraft fees on transactions where there were sufficient funds in the

24  account when the transactions were entered into.

25  d. Whether Defendant Union Bank re-ordered daily the posting of transactions from

26  chronological to an order of largest transactions to smallest, thereby increasing the

27  number of overdraft fees customers are assessed.

28

- 6 -

CLASS ACTION COMPLAINT

· 1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

e. Whether Defendant Union Bank had a policy of approving transactions when it knew that they would result in overdrafting from the customers' account, in order to assess multiple overdraft fees.

f. Whether Defendant Union Bank enrolled its customers in an automated overdraft program in order to increase the amount of overdraft fees assessed, while failing to provide an opt-out of the forced credit line entirely and/or at the point of sale.

g. Whether Defendant Union Bank charged an exorbitant overdraft fee amount that bears no relationship to the actual cost and risk to Union Bank of paying an NSF item that it had already approved.

h. Whether Defendant Union Bank failed to disclose to customers each of the above practices.

i. Whether Defendant Union Bank misled customers regarding that it assessed insufficient overdraft fees for transactions it approved, and for which there were sufficient funds in the account at the time of the transaction to cover the cost of the transaction.

j. Whether Defendant Union Bank provided account statements that do not identify the processing order or which transactions comprise the multiple overdrafts so there is no way for a customer to determine how Union Bank determines the number of overdraft transactions.

k. Whether Defendant Union Bank engaged in deceptive advertising campaigns which create consumer expectations that are inconsistent with each of the above practices.

l. Whether Defendant Union Bank breached the implied covenant of good faith and fair dealing with regards to these practices.

m. Whether Defendant Union Bank's conduct as described above constitutes violations of the causes of action set forth below.

20.    **Typicality** – The claims of the representative Plaintiff are typical of the claims of the members of the Class. Plaintiff, like all other members of the Class, has sustained damages arising from Defendant's violations of the laws, as alleged herein. The representative Plaintiff and the members of

- 7 -

CLASS ACTION COMPLAINT

1   the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair,
2   systematic and pervasive pattern of misconduct engaged in by Defendant.

3       21.   **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect
4   the interests of the Class members and has retained counsel who are experienced and competent trial
5   lawyers in complex litigation and class action litigation. There are no material conflicts between the
6   claims of the representative Plaintiff and the members of the Class that would make class certification
7   inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

8       22.   **Predominance and Superiority** – This suit may be maintained as a class action under
9   Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the Class
10  predominate over the questions affecting only individual members of the Class and a class action is
11  superior to other available means for the fair and efficient adjudication of this dispute. The damages
12  suffered by individual class members are small compared to the burden and expense of individual
13  prosecution of the complex and extensive litigation needed to address Defendants' conduct. Further, it
14  would be virtually impossible for the members of the Class to individually redress effectively the
15  wrongs done to them. Even if class members themselves could afford such individual litigation, the
16  court system could not. In addition, individualized litigation increases the delay and expense to all
17  parties and to the court system resulting from complex legal and factual issues of the case.
18  Individualized litigation also presents a potential for inconsistent or contradictory judgments. By
19  contrast, the class action device presents far fewer management difficulties; allows the hearing of claims
20  which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits;
21  and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by
22  a single court.

23      23.   The Class Plaintiff contemplates the eventual issuance of notice to the proposed Class
24  members setting forth the subject and nature of the instant action. Upon information and belief,
25  Defendants' own business records and electronic media can be utilized for the contemplated notices. To
26  the extent that any further notices may be required, the Class Plaintiff would contemplate the use of
27  additional media and/or mailings.

28

- 8 -

CLASS ACTION COMPLAINT

1    24.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly

2    maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

3         a.    Without class certification and determination of declaratory, injunctive, statutory

4    and other legal questions within the class format, prosecution of separate actions by individual members

5    of the Class will create the risk of:

6              i.    Inconsistent or varying adjudications with respect to individual members

7    of the Class which would establish incompatible standards of conduct for the parties opposing the Class;

8    or

9              ii.    Adjudication with respect to individual members of the Class which would

10   as a practical matter be dispositive of the interests of the other members not parties to the adjudication or

11   substantially impair or impede their ability to protect their interests;

12        b.    The parties opposing the Class have acted or refused to act on grounds generally

13   applicable to each member of the Class, thereby making appropriate final injunctive or corresponding

14   declaratory relief with respect to the Class as a whole; or

15        c.    Common questions of law and fact exist as to the members of the Class and

16   predominate over any questions affecting only individual members, and a Class Action is superior to

17   other available methods of the fair and efficient adjudication of the controversy, including consideration

18   of:

19             i.    The interests of the members of the Class in individually controlling the

20   prosecution or defense of separate actions;

21             ii.    The extent and nature of any litigation concerning controversy already

22   commenced by or against members of the Class;

23                  iii.    The desirability or undesirability of concentrating the litigation of the

24                       claims in the particular forum;

25                  iv.    The difficulties likely to be encountered in the management of a Class

26                       Action.

27

28

- 9 -

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**Violation of Business And Professions Code Section 17200 *et seq.* – Unlawful, Fraudulent, and Unfair Business Act and Practices**

**(Against all Defendants)**

25.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

26.     Defendants' acts and practices as described herein constitute unlawful, fraudulent, and unfair business acts and practices, in that (1) Defendants' practices, as described herein, violate each of the statutes set forth within this Complaint, and/or (2) the justification for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and members of the Class, and/or (3) Defendants' conduct is immoral, unethical, oppressive, unscrupulous, unconscionable or substantially injurious to Plaintiff and members of the Class, and/or (4) the uniform conduct of Defendants has a tendency to deceive Plaintiff and the members of the Class.

27.     Defendants' unlawful, unfair and fraudulent business acts and practices are described throughout this Complaint and include, but are not limited to, wrongfully directly taking insufficient overdraft fees from customers' checking accounts for transactions where there was sufficient funds in the account at the time of the transaction to cover the transaction; improperly re-ordering the posting of transactions to highest transactions to lowest in order to generate more overdraft fees; failing to provide an opt-out of the forced credit line; misrepresenting and falsely advertising the accuracy and reliability of the available balance or account balance in publications of customers' checking account information; and failing to disclose any of these practices.

28.     In addition to the above, the conduct as alleged throughout the complaint constitutes breach of contract, negligent misrepresentation, fraud, and breach of the implied covenant of good faith and fair dealing that not only result in liability as individual causes of action, they also provide the basis for a finding of liability under Business and Professions Code Section 17200 et seq.

29.     Plaintiff and the Class members, and each of them, have been damaged by said practices.

30.     The conduct of Defendants as described herein violates Business and Professions Code section 17200 *et seq.*, and other similar state unfair competition and unlawful business practices statutes.

- 10 -

·1       31.    Pursuant to Business and Professions Code sections 17200 and 17203, Plaintiff, on behalf

2  of himself and all others similarly situated, seeks relief as prayed for below.

3                         **SECOND CAUSE OF ACTION**

4    **Violation of Business and Professions Code Section 17500 *et seq.* – False Advertising**

5                          **(Against all Defendants)**

6       32.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

7  herein.

8       33.    The standardized practice and advertisements regarding the practice were uniformly

9  applied to Plaintiff and the Class members.

10      34.    As a result, Plaintiff relied on the advertisements and were damaged as a result by

11  incurring overdraft charges they otherwise would not have incurred.

12      35.    Plaintiff, on behalf of himself and the Class, seek relief as prayed for below.

13                         **THIRD CAUSE OF ACTION**

14                               **Fraud**

15                          **(Against all Defendants)**

16      36.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

17  herein.

18      37.    The misrepresentations, nondisclosure and/or concealment of material facts made by

19  Defendants to Plaintiff and the members of the Class, as set forth above, were known by Defendants to

20  be false and material and were intended by the Defendants to mislead Plaintiff and the members of the

21  Class.

22      38.    That the Plaintiff and the Class were actually misled and deceived and were induced by

23  Union Bank to incur overdraft charges they otherwise would not have incurred.

24      39.    As a result of the conduct of Defendants, Plaintiff and the Class members have been

25  damaged by having incurred unwarranted overdraft fees assessed and taken from their checking account.

26  In addition to such damages, Plaintiff seek punitive or exemplary damages pursuant to Civil Code

27  section 3294 in that Defendants engaged in "an intentional misrepresentation, deceit, or concealment of

28

                                                 - 11 -

1    a material fact known to the defendant[s] with the intention on the part of the defendant[s] of thereby

2    depriving a person of property or legal rights or otherwise causing injury."

3                              **FOURTH CAUSE OF ACTION**

4                              **Negligent Misrepresentation**

5                              **(Against all Defendants)**

6          40.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

7    herein.

8          41.    That Defendants had a duty to provide honest and accurate information to its customers

9    to avoid those customers from incurring expensive and unnecessary overdraft charges.

10         42.    Defendants specifically and expressly indicated to class members that Union Bank

11   customers' checking account balance information that are published online, by phone, by ATM

12   machines, and in-store inquiries are accurate and reliable, when in fact they are inaccurate and

13   unreliable.

14         43.    Such misrepresentations were and are made by Union Bank through the use of the

15   identifying term "account balance" in the various methods in which customers may access their

16   checking account information, when in fact such information is not what it purport to be, and through

17   the various marketing materials and the customer agreement contracts.

18         44.    Defendants knew or in the exercise of reasonable diligence should have known, that the

19   ordinary consumer and customer of Defendants' products would understand Defendants' representations

20   concerning the term "account balance" as being what they purport to be – the actual available balance at

21   the time of the inquiry. Defendants also knew, or in the exercise of reasonable diligence should have

22   known, that the ordinary consumer and customer of Defendants' products would understand the

23   marketing materials and the terms of the customer's agreement contracts set forth in this Complaint as

24   indicating that the published account balance is accurate and reliable.  Any other understanding on the

25   part of consumers would not be reasonable given Defendants' representations.

26         45.    Plaintiff and the Class members justifiably relied on Defendants' misrepresentation as to

27   their available balance and engaged in debit transactions or ATM withdrawals which were within the

28   limits of their published balance, yet were assessed overdraft fees.

                                          - 12 -

46.     As a result of the conduct of Defendants, Plaintiff and the Class Members have been damaged by having relied on Defendants' misrepresentations as to their available balance and have incurred unwarranted overdraft fees.

47.     Furthermore, Union Bank misrepresented that overdraft transactions could only occur when there was not money in the account to cover the transaction at the time the transaction is made.

48.     In addition, by representing and posting pending charges to online accounts in real time, and then including those charges to provide available balance, Union Bank represented to Class Members that overdraft fees would not be charged for transactions that were less than the balance in the account at the time the transaction took place.

49.     Those representations were false as Defendants did assess and automatically deduct overdraft fees from customers account even though there were funds available to cover the transaction at the time of the transaction.

50.     Defendants knew, or in the exercise of reasonable diligence should have known, that Plaintiff and ordinary customers would rely on those representations.

51.     That Plaintiff and the Class members did reasonably rely on those representations.

52.     As a result, Plaintiff and the Class members have been damaged by being assessed expensive and unnecessary overdraft fees.

## FIFTH CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

### (Against all Defendants)

53.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

54.     California law implies a covenant of good faith and fair dealing in all contracts between parties.

55.     As a result of the actions of Defendants, set forth hereinabove, Defendants have violated the implied covenant of good faith and fair dealing contained in the agreements which purport to govern Plaintiff' and the Class members' checking accounts, and as a result thereof, Plaintiff and the Class members are entitled to damages as prayed.

- 13 -

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the Class, pray for relief as follows:

A.   For an order certifying the nationwide Class, and appointing Plaintiff and their counsel to represent the Class;

B.   Alternatively, if the Court does not grant certification of the nationwide Class, Plaintiff pray for an order certifying a California Class, and appointing Plaintiff and their counsel to represent the class;

C.   For an order awarding Plaintiff and the Class restitution and/or disgorgement and other equitable relief as the Court deems proper;

D.   For an order awarding Plaintiff and the Class punitive damages as to the appropriate cause of action;

E.       For an order enjoining Defendants:

      1.   under Business and Professions Code section 17203 from continuing to engage in business acts and practices, or any of them, which are unlawful, unfair, or fraudulent, as alleged herein; and

      2.   under Business and Professions Code section 17535 from continuing to engage in the dissemination of advertisements which are untrue or misleading, alleged herein;

F.   For an order mandating that Defendants engage in a corrective advertising campaign to correct the misperceptions Defendants' conduct created;

G.   For an order awarding Plaintiff and the Class pre-judgment and post-judgment interest, as well as reasonable attorneys' and expert-witness fees and other costs pursuant to Code of Civil Procedure section 1021.5, and other statutes as may be applicable; and

H.   For an order awarding such other and further relief as this Court may deem just and proper.

DATED: July 16, 2009.                                   MCCUNEWRIGHT, LLP

                                             BY: _____

                                                 Richard D. McCune
                                                 Attorney for Plaintiff

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff, and all others similarly situated, hereby demands a trial by jury herein.

3

4      DATED: July 16, 2009.                                    MCCUNEWRIGHT, LLP

5

6                                                       BY:

7                                                               Richard D. McCune
                                                                Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

CLASS ACTION COMPLAINT